**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**James M. LEVINE, Respondent.**

**OBAD No. 939.**
**SCBD No. 3619.**

Supreme Court of Oklahoma.

July 24, 1990.

## ORDER

Upon consideration of the agreed recommendation for discipline submitted by the Oklahoma Bar Association, complainant, James M. Levine, respondent, and the Professional Responsibility Tribunal, in the above styled and captioned cause, THE COURT FINDS:

(1) The parties stipulated that the respondent had violated 5 O.S. 1981 Ch. 1, App. 3, DR 1–102(A)(5) and (6). The Oklahoma Bar Association and the respondent entered into stipulations agreeing that the respondent should receive a public reprimand.

(2) The respondent hired his brother to work in his law firm as a legal assistant. The brother was a licensed attorney in Florida and Illinois. However, the Oklahoma Board of Bar Examiners had denied his application for admission. The respondent was aware that his brother gave legal advice and he attended a meeting at which his brother solicited and assisted prospective investors in organizing general partnerships. During

---

10. 5 O.S.Supp.1988, Ch. 1, App. 3–A.

this period of time, the brother collected $215,000.00 in attorney fees which was used to expand the law firm. Although, the firm eventually went into bankruptcy due to the additional expenses from the expansion. The brother pleaded nolo contendere to conspiracy to violate the Oklahoma Securities Act; failure to register agents and employment of unregistered agents; distribution of unfiled and unapproved sales literature; and fraud in the offer and sale of securities. He received 2½ years on each count to run concurrently.

(3) Because the respondent knew or should have known of his brother's activities, and failed not only to sever his professional connections with his brother but allowed the attorneys fees his brother received to be used to enhance the respondent's practice, the respondent has violated 5 O.S.1981 Ch. 1, App. 3, DR 1–102(A)(5) and (6).

(4) The respondent should receive a public reprimand.

(5) The respondent is directed to pay the costs of all proceedings in the amount of $2,561.48.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that the respondent stands reprimanded by publication of this order, and that the respondent pay the costs of all proceedings.

HARGRAVE, C.J., and HODGES, LAVENDER, KAUGER, and SUMMERS, JJ., concur.

OPALA, V.C.J., concurs in imposing discipline; dissents from administering public reprimand; I would visit a more severe sanction.

SIMMS, J., with whom ALMA WILSON, J., joins, dissenting: I would reject the stipulations and remand to the Professional Responsibility Tribunal.